Taft, J.
 

 Section 10501-56, General Code, provides for an appeal on a question of law and fact from the Probate Court to the Court of Appeals. It provides also for an appeal on a question of law to the Court of Appeals from any final order, judgment or decree of the Probate Court. It then includes the following provision :
 

 “If, for any reason, a record has not been taken at the hearing
 
 of any matter before the Probate Court
 
 so that
 
 a
 
 bill of exceptions or
 
 a
 
 complete record may be prepared as provided by law in Courts of Common Pleas, then
 
 an
 
 appeal on
 
 questions of law and
 
 fact may be taken to
 
 the
 
 Court of Common Pleas *
 
 * (Emphasis ours.)
 

 By the words “complete record * * * as provided by law in Courts of Common Pleas,” the General Assembly obviously had in mind the provisions of Section 11605
 
 et seq.,
 
 General Code. It intended to provide an appeal to the Common Pleas Court, only where a “rec
 
 *402
 
 ord” had not been taken “so that a bill of exceptions or a complete record may be prepared as provided by law in Courts of Common Pleas.”
 

 Section 11607, General Code, provides:
 

 “The record shall be made up from the petition, the process, return, pleadings subsequent thereto, reports, verdicts, orders, judgments, and all material acts and proceedings of the court. If items of an account, or copies of papers attached to pleadings, are voluminous, the court may order the record to be made by abbreviating them or inserting a pertinent description thereof, or by omitting them entirely.”
 

 Section 11608, General Code, provides:
 

 ‘ ‘ The bill of exceptions shall be filed with the pleadings and papers, but not recorded, unless the court for good reasons so orders. Evidence must not be recorded.”
 

 No order was made in the instant case for abbreviating or inserting a pertinent description of any voluminous papers. It appears, therefore, that, so far as the requirements of Section 11607, General Code, are concerned, a complete record was prepared in the Probate Court.
 

 The journal entries of the Probate Court clearly indicate that the Probate Court sustained plaintiff’s demurrer to defendant’s answer and cross-petition and that, defendant not desiring to plead further, the Probate Court thereupon rendered judgment on the pleadings for plaintiff. That being so, there would clearly be no occasion for a bill of exceptions to set forth any evidence received in the Probate Court. A bill of exceptions in this instance could disclose nothing which would be helpful to any reviewing court in determining whether the Probate Court erred in rendering the judgment for plaintiff.
 

 In such an instance, to use the words of the statute,
 
 *403
 
 “a complete record may be prepared,” even though no bill of exceptions was or could be prepared. We do not have a situation where, to again use the words of the statute,
 
 “a
 
 record has not been taken * * *
 
 so that
 
 a bill of exceptions
 
 or a complete record
 
 may be prepared.” Only in such a situation has the General Assembly provided for an appeal to the Common Pleas Court.
 

 The judgment of the Court of Appeals is reversed and the judgment of the Court of Common Pleas is affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart and Turner, JJ., concur.